UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL A. CASELLA, | Civil Action No.: 09-0421 (JAP) |
| Plaintiff, | |
| | OPINION and ORDER |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

Currently pending before the Court Plaintiff Russell A. Casella's ("Plaintiff") Motion for leave to Amend the Complaint in order to include a cause of action for shareholder oppression in violation of N.J.S.A. 14A:12-7(1)(c) ("the shareholder oppression statute") [Docket Entry No. 18]. Defendant Home Depot, Inc. ("Home Depot" or "Defendant") has filed an opposition to Plaintiff's Motion [Docket Entry No. 19]. After considering the submissions and arguments of the parties, and for good cause shown, Plaintiff's Motion for leave to Amend the Complaint is DENIED WITHOUT PREJUDICE.

**I. Background**

On June 25, 1999, Home Depot Plumbing Service, L.L.C. ("HDPS") was formed as a New Jersey Limited Liability Company in order to conduct plumbing services in compliance with New Jersey statutes and regulations. (Def. Br. at 1). Under New Jersey law, HDPS was required to have a licenced master plumber to serve as its bona fide representative whose information was to be included on every signing and advertisement of the company. (Am. Compl. at ¶ 9). In October 1999, Plaintiff and HDPS entered into an Employment Agreement in which HDPS retained Plaintiff as a New Jersey licensed master plumber to serve as vice president of HDPS and to act as its bona fide representative. (Def. Br. at 2). The Employment Agreement expressly provided that if Plaintiff's

employment is terminated, Plaintiff automatically and immediately relinquishes all interests in HDPS. (Def. Br. at 2). Plaintiff and Defendant also entered into an Operating Agreement which made Plaintiff a limited member of HDPS and a ten percent owner of the corporation as required by the New Jersey State Plumbing License Law of 1968, N.J.S.A. § 45:14C-2. (Def. Br. at 2; Am. Compl. at ¶¶ 9-10). Home Depot owned the remaining ninety percent of HDPS.

Plaintiff was employed by HDPS until February of 2005. (Def. Br. at 2). From April of 2004 until April of 2005, Plaintiff was absent from employment while on a one year medical leave. (Am. Compl. at ¶ 17). While Plaintiff's last day of work with Home Depot was on February 13, 2004, he was not terminated until February 14, 2005. (Def. Br. at 2). It is with this termination that Defendant alleges that Plaintiff relinquished his interest in HDPS in accordance with the Employment Agreement. (*Id.*).

In May of 2005, approximately three months after Plaintiff's termination, HDPS was dissolved by Home Depot, the lone remaining interest holder of HDPS. (Def. Br. at 2). Plaintiff was never consulted about the cancellation of HDPS and never approved in writing the cancellation of either HDPS or his own ownership rights. (Am. Comp. at ¶ 21). Subsequent to the cancellation of Plaintiff's employment agreement, Home Depot continued to list Plaintiff's contractor license number on its website and also used Plaintiff's master plumber's licence number in its newspaper advertising supplements. (*Id.* at ¶¶ 21-22).

Plaintiff alleges that he was never given proper compensation of the net profits of HDPS in accordance with his ten percent membership. (*Id.* at ¶ 19). Defendant alleges that the total value of the plumbing and heating, ventilation, and air-conditioning installation during the period of 1999 to 2006 is $1,800,000.00, while Plaintiff asserts that the proper number is at least $50,000,000.00. (*Id.*

2

at ¶ 24). Plaintiff asserts that despite repeated requests, Defendant has failed and refused to provide an accounting to support its statement. (*Id.*).

Plaintiff filed a Complaint against Defendant on January 29, 2009, seeking an accounting and alleging breach of fiduciary duty [Docket Entry No. 1]. Plaintiff now seeks to amend the Complaint in order to include a cause of action for shareholder oppression in violation of N.J.S.A. 14A:12-7(1)(c). Plaintiff alleges that Home Depot used its majority controlling interest to act fraudulently or illegally, mismanage the affairs of the corporation, abuse its authority, and/or act oppressively or unfairly toward Plaintiff, depriving Plaintiff of his reasonable expectations as a member of HDPS. (Am. Compl. at ¶¶ 43-44).

## II. Analysis

### A. Motion to Amend Standard

Leave to amend the pleadings is generally given freely. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005). If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In reviewing a motion to amend, the court looks only at the pleadings. *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc.,* 106 F. Supp.2d 761, 765 (D.N.J. 2000). In this case, the main argument before the Court is whether Plaintiff's proposed amended complaint is futile.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J.

1990) (internal quotation marks and citations omitted).  In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them.  *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  In other words, the facts alleged must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.  In addition, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**2. N.J.S.A. 14A:12-7**

Defendant argues that Plaintiff's proposed claim of shareholder oppression under N.J.S.A. 14A:12-7(1)(c) should be denied as futile because the statute applies only to corporations with 25 or less members. New Jersey law provides a remedy for shareholder oppression under N.J.S.A. 14A:12-7(1)(c) if it can be proven that:

> [i]n the case of a corporation having 25 or less shareholders, the directors or those in control have acted fraudulently or illegally, mismanaged the corporation, or abused their authority as officers or directors or have acted oppressively or unfairly toward one or more minority shareholders in their capacities as shareholders, directors, officers, or employees.

The specific issue before the Court is whether Plaintiff, a former member of a limited liability company, is able to bring a claim of shareholder oppression under N.J.S.A. 14A:12-7(1)(c). Initially, it is important to note that there is a close link between the New Jersey Business Corporation Act (the "BCA"), N.J.S.A. 14A:1-1, *et seq.*, which the minority oppression statute is part of, and the New Jersey Limited Liability Company Act ("LLCA"), N.J.S.A. 42:2B-1, *et seq*. The LLCA was enacted in January of 1994 as a way for business owners to form and use limited liability companies as an alternative to the traditional corporation. Scott Unger, *Oppressed Minority Shareholders Should be Afforded Protection - An Argument for a Revision of the Limited Liability Act*, New Jersey Law Journal, January 27, 2010. When it enacted the LLCA, the New Jersey Legislature did not incorporate the minority oppression statute contained in the New Jersey Business Corporation Act, N.J.S.A. 14A:12-7(1)(c). *Id*. Thus, minority members of limited liability companies do not have an equivalent minority shareholder oppression cause of action in the LLCA.

Nevertheless, the close link between the LLCA and the BCA has served as the basis for some courts to fill gaps in the LLCA. *See Percontino v. Camporeale*, 2005 WL 730234, *3 (N.J. Super. Ch.

March 24, 2005). In *Percontino,* the Chancery Division of the New Jersey Superior Court drew comparisons between the two statutes in holding that it had the ability to appoint a receiver in the case of a limited liability company, regardless of the absence of any specific provision within the LLCA. *Id.* at *3; *see also Actives International, LLC. v. Reitz,* 2005 WL 1861939 (N.J. Super. Ch. August 5, 2005). Further, in the case of *Hopkins v. Duckett*, the BCA and the LLCA were examined to determine whether the appointment of a custodian was appropriate in the context of a limited liability company member alleging minority oppression. *Hopkins v. Duckett*, Docket No. 02-5589; Docket Entry No. 39 (*aff'd*, 2005 WL 1262907 (D.N.J. 2005)). While the Court held that the appointment of a custodian was not appropriate because New Jersey law did not apply, the Court noted that "regardless of membership in Nightingale [LLC], plaintiff has the right to assert claims as an oppressed minority shareholder [under N.J.S.A. 14A:17-7(1)(c)], and the court agrees." *Id*. On the other hand, the New Jersey Appellate Division has held that limited liability companies in New Jersey are governed solely by the LLCA, not the BCA. *Denike v. Cupo*, 394 N.J. Super. 357, 378 (App. Div. 2007) (holding that, in the context of choosing a valuation date of a limited liability company, the standard set out in the BCA could not be used because limited liability companies are governed by the LLCA). Importantly, the parties have not cited and the Court is unaware of any case in which a member of a New Jersey limited liability company was able to successfully bring a cause of action under the shareholder oppression act.

     Recently, the Third Circuit Court of Appeals performed a statutory analysis of the minority oppression statute in order to determine who is entitled to protection under the statute. *Sery v. Fed. Bus. Ctrs., Inc.,* 365 F. App'x 396 (3d Cir. 2010). In *Sery*, the Court interpreted the text of the statute to determine the meaning of "corporations with 25 or less shareholders." *Id*. In making its decision,

the Court examined the opinion of the District Court, which "relie[d] primarily on the principle of statutory construction, which holds that, when the statutory language is clear and unambiguous, the legislature's intent is best divined by reference to the plain meaning of the statute. *Id.* at 397. The Court stated that the "language of the [minority oppression statute] is clear and unambiguous, authorizing a cause of action on proof that,

> [i]n the case of a corporation having 25 or less shareholders, the directors or those in control have acted fraudulently or illegally, mismanaged the corporation, or abused their authority as officers or directors or have acted oppressively or unfairly toward one or more minority shareholders in their capacities as shareholders, directors, officers, or employees.

The Court noted that "[t]he definitions provision of the [BCA] explains that 'unless the context otherwise requires, the term . . . shareholder means one who is a holder of record of shares in a corporation.'" *Id.* at 397 (*quoting* N.J.S.A. 14A: 1-2.1). The Court was also disinclined to construe the statute liberally, finding that it would be improper to "construe a statute in contravention of its plain meaning." *Id.* Further, the Court found that construing the statute in accord with its plain meaning would not be "demonstrably at odds with the statute's purpose nor absurd." *Id.* at 398. The Court went on to state that, "[t]he act was designed, *inter alia*, 'to give special recognition to the legitimate needs of the close corporation,' *N.J.S.A.* 14A:1-1(3)(c), by providing 'limited bases for statutory relief.'" *Id.* (quoting *Brenner v. Berkowitz*, 134 N.J. 488, 634 (1993)). The Court concluded that "[t]he Provision clearly applies only to companies with 25 or fewer holders of record of shares of stock." *Id.*

For the reasons laid out by the Third Circuit Court of Appeals, Plaintiff is not afforded a cause of action under the minority oppression statute. *Sery,* 365 F. App'x 396. As a former member of a limited liability company, Plaintiff clearly does not fall within the plain meaning of the minority

oppression statute which reserves the right solely for "corporations with 25 or less shareholders." N.J.S.A. 14A:12-7(1)(c). Consequently, to the extent that Plaintiff seeks to amend the complaint in order to include a cause of action under N.J.S.A. 14A:12-7(1)(c), the Court finds that Plaintiff's amendment would be futile.

### III. Conclusion

The shareholder oppression statute was created to provide special protection to closely held corporations in the state of New Jersey. Plaintiff is attempting to assert a claim under this statute as a former member of a limited liability company. As limited liability companies in the state of New Jersey are governed by the LLCA, Plaintiff is entitled to a cause of action under the LLCA and not under the shareholder oppression act. Therefore, Plaintiff's action pursuant to N.J.S.A. 14A:12-7(1)(c) would not survive a motion to dismiss for failure to state a claim upon which relief can be granted. Thus, for the aforementioned reasons, the Court finds that Plaintiff's Motion to Amend must be denied as futile.

THEREFORE, IT IS on this 28th day of July, 2010,

ORDERED that Plaintiff's Motion to Amend is DENIED WITHOUT PREJUDICE; and is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 18] accordingly.

    s/ Tonianne J. Bongiovanni  
**HONORABLE TONIANNE J. BONGIOVANNI**  
**UNITED STATES MAGISTRATE JUDGE**